107 F.3d 5
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Moses OJI, also known as Moises Oji, Defendant-Appellant,
Benjamin EBOZUE, Defendant.
 No. 95-1280.
 United States Court of Appeals, Second Circuit.
 Feb. 12, 1997.
 
 Appearing for Appellant:Ruth M. Liebesman, New York, New York.
 Appearing for Appellee:David C. Finn, Assistant United States Attorney for the Southern District of New York, New York, New York.
 Before OAKES, WINTER and CABRANES, Circuit Judges.
 
 
 1
 Moses Oji appeals from his conviction after a jury trial before Judge Walker on one conspiracy count and one substantive count for narcotics trafficking. He was sentenced to 90 months imprisonment, four years supervised release, and mandatory assessments.
 
 
 2
 On appeal, Oji argues that he was denied the effective assistance of counsel and his right to testify at trial. He also claims that the district court erred in applying the two-level enhancement under United States Sentencing Guidelines § 3C1.1 for obstruction of justice. We affirm.
 
 
 3
 As for the effectiveness of Oji's counsel, we agree with the district court that "[t]he evidence presented, whether considered separately or taken together, establishes ... that the defendant, far from receiving ineffective assistance of counsel, received effective assistance of counsel under the circumstances, and that the actions of [Oji's trial counsel] did not in any sense fall below an objective standard of reasonableness under prevailing professional norms." We also agree with the district court that nothing suggests that, had Oji's attorney done anything differently, the result would have been anything other than conviction on both counts. Oji's claim, therefore, fails both prongs of the Supreme Court's test for ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 4
 Oji's next argument--that he was denied the opportunity to testify at trial--was not raised below. As such it is waived, unless there was plain error. Fed.R.Crim.P. 52(b); United States v. Keppler, 2 F.3d 21, 24 (2d Cir.1993). We find no error, much less plain error. Oji never suggested this claim in his affidavits complaining of his attorney's performance, or in his testimony at the post-trial ineffectiveness hearing. His trial attorney's testimony supports the inference that Oji was not prevented from testifying.
 
 
 5
 Finally, Oji argues that the district court erred in enhancing his sentence by two levels under Guidelines § 3C1.1 for obstruction of justice. The district court based the enhancement on a finding that Oji committed perjury in testifying that his attorney had addressed racial slurs to him. The phrase in question was evidently lifted word for word from Frazer v. United States, 18 F.3d 778, 780 (9th Cir.1994), a case Oji had cited in his pro se motion for a new trial. Although he does not seem to challenge the finding of perjury, as an initial matter, we find that the district court's determination that Oji perjured himself is not clearly erroneous. See 18 U.S.C. § 3742(e).
 
 
 6
 Oji apparently contends that his testimony at the post-trial hearing was not material. We disagree. Guidelines § 3C1.1 provides that "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." The district court found that Oji testified falsely that his attorney used racial slurs as part of Oji's effort to gain a new trial. Oji's false statement was made during the investigation, prosecution, or sentencing of the instant offense, and was therefore material to the issue of whether to grant a new trial. See Guidelines § 3C1.1 Application Note 5. Because the perjury was designed to set aside the conviction on the grounds of ineffective assistance of counsel, the false statement is "tied to a count of conviction," United States v. Sisti, 91 F.3d 305, 314 (2d Cir.1996) (citing United States v. Perdomo, 927 F.2d 111, 118 (2d Cir.1991)).
 
 
 7
 Oji's reliance on United States v. Bonds, 933 F.2d 152 (2d Cir.1991) is misplaced. That case does not hold, as Oji argues, that an enhancement under Section 3C1.1 is appropriate only where the defendant's testimony relates to an essential element of the offense. Instead, Bonds sets forth a test for determining when trial testimony can be used as a basis for an enhancement under Section 3C1.1; it does not limit enhancements to situations in which defendants testify at trial or place the same essential-element restriction on other types of obstruction, e.g. perjuring oneself at an ineffectiveness hearing. Id. at 155.
 
 
 8
 We therefore affirm.